NORTH ET AL., ASSIGNEE, ETC., *v.* McDONALD ET AL.

BANKRUPTCY.—Assignees of a bankrupt before they can recover of third parties for an alleged fraudulent purchase of property of the bankrupt must, upon the trial, prove all the facts necessary to bring such transaction within the provisions of the bankrupt act of the United States. This refers to the question of time as well as to all others.

NONSUIT.—Where assignees of a bankrupt brought suit to recover the value of certain property purchased of him on an alleged fraudulent sale, and on the trial failed to prove that such sale and the filing of the petition in bankruptcy occurred within two months' time of each other, according to the provisions of section 5128 of the bankrupt act, but on the contrary did prove that two months and twenty-three days had elapsed between the occurrence of the alleged fraudulent purchase and the filing of the petition in bankruptcy: *Held*, that it was not only right for, but the duty of, the district court, on motion of defendants, to grant a nonsuit.

ERROR to the Third District Court for Laramie County.

A sufficient statement of the case is contained in the opinion of the court.

*W. W. Corlett*, for plaintiffs in error, contended that the nonsuit was improvidently and irregularly granted, for the reasons: That the action was brought under the proper section of the act, and one giving more than two months in

which to commence proceedings; that there was evidence of fraud for the jury to pass upon, and cited: Bump on Bankruptcy; 1 Dillon, 24; 14 Wallace, 244; 21 Id. 360; 7 Blatchford, 284; 8 Id. 488; 11 Ohio, 453; 4 Ohio St. 628.

*E. P. Johnson*, for defendants in error, urged that under the state of facts, claimed by plaintiffs, they cannot recover, unless proceedings in bankruptcy were commenced within two months after the alleged fraudulent sale; and further, that there was no evidence of fraud whatever, before the jury, and cited several sections from Bump on Bankruptcy.

By the Court, THOMAS, J.: An action was brought herein in the district court of Uinta county, by Orlando North and L. Newman, assignees in bankruptcy, etc., of Russell Thorp against Wm. McDonald and Harvey Booth, to recover the value of a large amount of horses, cattle, mules, and other personal property, alleged to have been sold by said bankrupt to the defendants, on the twenty-fifth day of September, A. D. 1874, in contravention of the provisions of the bankrupt law of the United States. The venue in said action was subsequently changed to Sweetwater county. The petition in bankruptcy, upon which said Thorp was adjudicated a bankrupt, was filed in the third district court, on the seventeenth day of December, 1874. The personal property herein referred to was sold to the defendants in the district court, for the sum of three thousand and five dollars, while, it was alleged in said plaintiff's petition, that said property so as aforesaid transferred was worth the sum of six thousand four hundred and fifty dollars.

The case came on for trial at the October, Sweetwater, term, 1875, before Chief Justice Fisher and a jury. After the testimony of the plaintiffs had closed, the defendants moved for a nonsuit, upon the ground that said testimony failed to show the existence of a cause of action in favor of the plaintiffs and against the defendants, which motion

was, after the arguments of counsel, sustained by the court. A motion was subsequently made, by counsel for the plaintiffs, to set aside such nonsuit, which second-named motion was overruled, and judgment ordered for the defendants against the plaintiffs for costs. The only error now complained of in the court below, and to be passed upon by this court, is the granting of said motion for nonsuit.

It is apparent, from the reading of the petition of the plaintiffs in the district court, that it was drawn solely with reference to section 5129, of the revised statutes of the United States, and to the provisions therein contained, while the petition, together with the evidence adduced upon the trial, viz.: That the defendants herein, and the purchasers of the property mentioned, were creditors of the bankrupt Thorpe, brought the case before the district court, under the provisions of section 5128. The entire statutes concerning bankruptcy should certainly be considered together, so far as they may affect the questions involved in this case, and we cannot see that the provisions of section 5046 are at all in conflict with those of section 5129. One we find, with those sections of the law giving instructions and directions to assignees in bankruptcy; the other with those sections which define what properly should be seized for the benefit of creditors; or, in other words, section 5046 refers to the duties of assignees, while sections 5128 and 5129 describe more fully than in the general instructions just what contracts for the disposition of property were void, and what property was subject to the action of the assignee. We are of the opinion that section 5046 makes no new or different provisions from sections 5128 and 5129, but may be regarded as referring to them and to the provisions in those sections contained.

Under this view of the case as the proceedings before the district court came entirely within the provisions of section 5128, that court committed no error in sustaining the motion for nonsuit, for there was no evidence whatever

adduced upon the trial to show that less than two months had elapsed between the alleged fraudulent sale and the filing of petition in bankruptcy; but, on the contrary, the testimony of the plaintiffs was conclusive on the point that more than two months had transpired between the occurrence of those two events. It is conceded that it is not merely discretionary with, but that is the duty of a court to grant a nonsuit on motion of defendants where the plaintiff has failed to adduce any evidence to establish any allegation material to the issue. Upon this question of time therefore, it is clear that the court below, not only did not commit an error but acted strictly in accordance with the line of its duty in sustaining the motion for a nonsuit.

Even had this case not fallen under the provisions of section 5128, it is very questionable whether there was any evidence before the jury tending to prove a fraudulent transfer of property. The property was sold at a low price but not at as low a one as would be inferred from reading the plaintiff's petition, and there is no question but what the price named was actually paid by the defendant to said Thorpe. The transfer of a large amount of property in this country (where it is very difficult to obtain money in large quantities) at a single sale for cash by a person in embarrassed financial circumstances, even at a low price, is not sufficient in itself to raise the presumption of fraud. But the first and principal question raised and discussed on the argument of the cause in this court is sufficient to decide it upon, and a further examination of the evidence is unnecessary.

The decision of the district court is affirmed.